Steven W. Ritcheson, Esq. (SBN 174062)
WHITE FIELD, INC.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
swritcheson@whitefieldinc.com

Attorneys for Plaintiff, OLYMPIC DEVELOPMENTS AG, LLC

FILED
11 JAN 20 PM 3:05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ________

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| OLYMPIC DEVELOPMENTS AG, LLC,<br>Plaintiff,<br>v.<br>ATLANTIC BROADBAND, INC., BRIGHT HOUSE NETWORKS, LLC, CABLE ONE, INC., CEQUEL COMMUNICATIONS HOLDINGS I, LLC, CSC HOLDINGS, LLC, DISH NETWORK, LLC, GCI COMMUNICATION CORP., INSIGHT COMMUNICATIONS COMPANY, INC., KNOLOGY, INC., MEDIACOM COMMUNICATIONS CORPORATION and RCN TELECOM SERVICES, LLC,<br>Defendants. | Case No. CV11 0612 ODW (CWx)<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**Jury Trial Demanded**<br>BY FAX |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Olympic Developments AG, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Atlantic Broadband, Inc., Bright House Networks, LLC, Cable One, Inc., Cequel Communications Holdings I, LLC, CSC Holdings, LLC, Dish Network, LLC, GCI Communication Corp. Insight Communications Company, Inc., Knology, Inc., Mediacom Communications Corporation and RCN Telecom Services, LLC (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,475,585 entitled "*Transactional Processing System*" (the "'585 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 6,246,400 entitled "*Device for Controlling Remote Interactive Receiver*" (the "'400 patent"; a copy of which is attached hereto as Exhibit B) (collectively, "the patents-in-suit"). Plaintiff is the exclusive licensee of the '585 patent and '400 patent with respect to the Defendants. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 1000 North West Street, Suite 1200, Wilmington, DE 19801. Plaintiff is the exclusive licensee of the '585 and '400 patents with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Atlantic Broadband, Inc. ("Atlantic") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Batterymarch Park, Suite 405, Quincy, Massachusetts 02169.

4. Upon information and belief, Bright House Networks, LLC ("Bright House") is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business located at 4600 150th Avenue NE, Redmond, Washington 98052.

5. Upon information and belief, Cable One, Inc. ("Cable One") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1314 North 3rd Street, Phoenix, Arizona 85004.

6. Upon information and belief, Cequel Communications Holdings I, LLC ("Cequel") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1244 Powerscourt Drive, Suite 4500, St. Louis, Missouri 63131.

7. Upon information and belief, CSC Holdings, LLC ("CSC") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1111 Stewart Avenue, Bethpage, New York 11714.

8. Upon information and belief, Dish Network, LLC ("Dish") is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

9. Upon information and belief, GCI Communication Corp. ("GCI") is a corporation organized and existing under the laws of the State of Alaska, with its principal place of business located at 2550 Denali Street, Suite 1000, Anchorage, Alaska 99503.

10. Upon information and belief, Insight Communications Company ("Insight") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 810 7th Avenue, New York, New York 10019.

11. Upon information and belief, Knology, Inc. ("Knology") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1241 O.G. Skinner Drive, West Point, Georgia 31833.

12. Upon information and belief, Mediacom Communications Corporation ("Mediacom") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Crystal Run Road, Middletown, New York 10941.

13. Upon information and belief, RCN Telecom Services, LLC ("RCN") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 196 Van Buren Street, Suite 300, Herndon, Virginia 20170.

**JURISDICTION AND VENUE**

14. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15. The Court has personal jurisdiction over each Defendant because: each Defendant is present within or has minimum contacts with the State of California and the Central District of California; each Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; each Defendant has sought protection and benefit from the laws of the State of California; each Defendant regularly conducts business within the State of California and within the Central District of California; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of California and in the Central District of California.

16. More specifically, each Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of California, and the Central District of California. Upon information and belief, each Defendant has committed patent infringement in the State of California and in the Central District of California and/or has contributed to patent infringement in the State of California and in the Central District of California. Each Defendant solicits customers in the State of California and in the Central District of California. Each Defendant has many paying customers who are residents of the State of California and the Central District of California and who each use each of the respective Defendant's products and services in the State of California and in the Central District of California.

17. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

18. The ’585 patent was duly and legally issued by the United States Patent and Trademark Office on December 12, 1995, after full and fair examination for systems and methods for purchasing products over a network. Plaintiff is the exclusive licensee of the ’585 patent with respect to the Defendants, and possesses all rights of recovery under the ’585 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

19. The ’400 patent was duly and legally issued by the United States Patent and Trademark Office on June 12, 2001, after full and fair examination for systems for transactional system terminals. Plaintiff is the exclusive licensee of the ’400 patent with respect to the Defendants, and possesses all rights of recovery under the ’400 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

20. Plaintiff is informed and believes that Atlantic owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for “on demand video services” including via the Atlantic On Demand and Pay-per-View services (“the Atlantic services”) accessible through set-top cable boxes provided by Atlantic (“the Atlantic devices”). Upon information and belief, Atlantic has infringed and continues to infringe one or more claims of the ’585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Atlantic services. Upon information and belief, Atlantic has infringed and continues to infringe one or more claims of the ’400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Atlantic devices. More particularly, Plaintiff is informed and believes that Atlantic has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Atlantic service via a cable set-top box in a manner claimed in the patents-in-suit.

Upon information and belief, Atlantic has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Atlantic services and the Atlantic devices and when Atlantic knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

21. Plaintiff is informed and believes that Bright House owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the Bright House On Demand and Pay-per-View services ("the Bright House services") accessible through set-top cable boxes provided by Bright House ("the Bright House devices"). Upon information and belief, Bright House has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Bright House services. Upon information and belief, Bright House has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Bright House devices. More particularly, Plaintiff is informed and believes that Bright House has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Bright House service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, Bright House has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Bright House services and the Bright House devices and when Bright House knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding

financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

22. Plaintiff is informed and believes that Cable One owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the Cable One Pay-per-View services ("the Cable One services") accessible through set-top cable boxes provided by Cable One ("the Cable One devices"). Upon information and belief, Cable One has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Cable One services. Upon information and belief, Cable One has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Cable One devices. More particularly, Plaintiff is informed and believes that Cable One has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Cable One service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, Cable One has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Cable One services and the Cable One devices and when Cable One knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

23. Plaintiff is informed and believes that Cequel owns, operates, advertises, controls, sells, and otherwise provides hardware and systems through its subsidiaries, and branded as "Suddenlink" for "on demand video services" including via the Cequel SuddenLink On Demand services ("the Cequel services") accessible through set-top cable boxes provided by Cequel ("the

Cequel devices"). Upon information and belief, Cequel has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Cequel services. Upon information and belief, Cequel has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Cequel devices. More particularly, Plaintiff is informed and believes that Cequel has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Cequel service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, Cequel has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Cequel services and the Cequel devices and when Cequel knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

24. Plaintiff is informed and believes that CSC owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the CSC Optimum On Demand services ("the CSC services") accessible through set-top cable boxes provided by CSC ("the CSC devices"). Upon information and belief, CSC has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the CSC services. Upon information and belief, CSC has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this

district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the CSC devices. More particularly, Plaintiff is informed and believes that CSC has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the CSC service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, CSC has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the CSC services and the CSC devices and when CSC knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

25. Plaintiff is informed and believes that Dish owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the Dish On Demand and Dish Broadband Video on Demand services ("the Dish services") accessible through set-top cable boxes provided by Dish ("the Dish devices"). Upon information and belief, Dish has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Dish services. Upon information and belief, Dish has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Dish devices. More particularly, Plaintiff is informed and believes that Dish has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Dish service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, Dish has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Dish services

and the Dish devices and when Dish knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

26. Plaintiff is informed and believes that GCI owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the GCI On Demand services ("the GCI services") accessible through set-top cable boxes provided by GCI ("the GCI devices"). Upon information and belief, GCI has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the GCI services. Upon information and belief, GCI has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the GCI devices. More particularly, Plaintiff is informed and believes that GCI has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the GCI service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, GCI has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the GCI services and the GCI devices and when GCI knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

27. Plaintiff is informed and believes that Insight owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the Insight On Demand services ("the Insight services") accessible through set-top cable boxes

provided by Insight ("the Insight devices"). Upon information and belief, Insight has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Insight services. Upon information and belief, Insight has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Insight devices. More particularly, Plaintiff is informed and believes that Insight has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Insight service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, Insight has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Insight services and the Insight devices and when Insight knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

28. Plaintiff is informed and believes that Knology owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the Knology On Demand and Pay-per-View services ("the Knology services") accessible through set-top cable boxes provided by Knology ("the Knology devices"). Upon information and belief, Knology has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Knology services. Upon information and belief, Knology has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and

selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Knology devices. More particularly, Plaintiff is informed and believes that Knology has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Knology service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, Knology has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Knology services and the Knology devices and when Knology knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

29. Plaintiff is informed and believes that Mediacom owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the Mediacom On Demand services ("the Mediacom services") accessible through set-top cable boxes provided by Mediacom ("the Mediacom devices"). Upon information and belief, Mediacom has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the Mediacom services. Upon information and belief, Mediacom has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the Mediacom devices. More particularly, Plaintiff is informed and believes that Mediacom has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Mediacom service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, Mediacom has also contributed to the infringement

of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the Mediacom services and the Mediacom devices and when Mediacom knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

30. Plaintiff is informed and believes that RCN owns, operates, advertises, controls, sells, and otherwise provides hardware and systems for "on demand video services" including via the RCN On Demand services ("the RCN services") accessible through set-top cable boxes provided by RCN ("the RCN devices"). Upon information and belief, RCN has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the RCN services. Upon information and belief, RCN has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the RCN devices. More particularly, Plaintiff is informed and believes that RCN has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the RCN service via a cable set-top box in a manner claimed in the patents-in-suit. Upon information and belief, RCN has also contributed to the infringement of one or more claims of the patents-in-suit by providing to users in this district and elsewhere in the United States, via the RCN services and the RCN devices and when RCN knew or should have known of the patents-in-suit, hardware and software only useful for permitting users to purchase products and services from a plurality of available products and services and for processing corresponding financial transactions in real-time in a manner claimed by one or more claims of the patents-in-suit.

31. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

32. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33. Defendants' infringement of Plaintiff's exclusive rights under the '585 patent and the '400 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

34. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '585 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed;

B. An adjudication that one or more claims of the '400 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement and (2) contributory infringement with respect to the claims of the '585 patent and the '400 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: January 20, 2011

Steven W. Ritcheson,
Attorney for Plaintiff
Olympic Developments AG, LLC